# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ERIKA HERNANDEZ | * | |
| 8647 Town and Country Boulevard, Apt. C | * | |
| Ellicott City, MD 21043 | * | |
| | * | |
| and | * | |
| | * | |
| DENIA PAZ | * | |
| 3203 West Springs Drive, Apt. 311 | * | |
| Ellicott City, MD 21043 | * | |
| | * | |
| PLAINTIFFS, | * | |
| | * | |
| v. | * | Case No.: 8:18-cv-1582 |
| | * | |
| WOODSTOCK BAR & GRILL LLC | * | |
| 10795 Birmingham Way, Suite 15 | * | |
| Woodstock, MD 21163 | * | June 1, 2018 |
| | * | |
| Serve: Dhvani Hemant Kumar Vyas | * | |
| 5004 Sinope Way | * | |
| Beltsville, MD 20705 | * | |
| | * | |
| PLAYERS BAR & GRILL, LLC | * | |
| 10795 Birmingham Way, Suite 15 | * | |
| Woodstock, MD 21163 | * | |
| | * | |
| Serve: Simon Sadoun | * | |
| 5011 Cobble Stone Court | * | |
| Ellicott City, MD 21043 | * | |
| | * | |
| GHAYAN ALI GORAYA | * | |
| 4715 Columbia Hills Court | * | |
| Ellicott City, MD 21043 | * | |
| | * | |
| and | * | |
| | * | |
| SIMON SADOUN | * | |
| 5011 Cobble Stone Court | * | |
| Ellicott City, MD 21043 | * | |
| | * | |
| DEFENDANTS. | * | |

*************************************************************************

**COMPLAINT**

## I.    INTRODUCTION

1.      The plaintiffs, Erika Hernandez ("Hernandez") and Denia Paz ("Paz") (collectively, "Plaintiffs"), by and through undersigned counsel, hereby submit this Complaint against Defendants Woodstock Bar & Grill LLC ("Woodstock"), Players Bar & Grill, LLC ("Players"), Ghayan Ali Goraya ("Goraya"), and Simon Sadoun ("Sadoun") (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Labor & Employment § 3-401, *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Labor & Employment § 3-501, *et seq.* ("MWPCL"), as set forth below.

## II.    JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §1331. With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is appropriate in the District of Maryland pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this claim occurred within this judicial district.

## III.    THE PARTIES

4.      Plaintiffs are adult residents of Maryland.

5.      At all times relevant to this Complaint until July 21, 2017, Plaintiffs were employees of defendants Players and Sadoun within the meaning of 29 U.S.C. §203(e)(1) and Maryland law.

6.      At all times relevant to this Complaint since July 22, 2017, Plaintiffs were employees of defendants Woodstock and Goraya within the meaning of 29 U.S.C. §203(e)(1) and Maryland law.

7.      At all times relevant to this Complaint, Plaintiffs were employees engaged in commerce and/or employees in an enterprise engaged in commerce within the meaning of 29 U.S.C. §§206(a) and 207(a)(1).

8.      Defendant Players is a limited liability company formed under the laws of Maryland, which, until July 21, 2017, operated Players Bar & Grill located at 10795 Birmingham Way, Suite 15, Woodstock, Maryland ("Restaurant").

9.      Defendant Woodstock is a limited liability company formed under the laws of Maryland, which, as the successor to defendant Players, has operated the Restaurant since July 22, 2017.

10.      Defendant Sadoun is an adult resident of Maryland and the owner of defendant Players.

11.      At all times relevant to the Complaint until July 21, 2017, Sadoun made all relevant decisions regarding Plaintiffs' wages and working conditions.

12.      Defendant Goraya is an adult resident of Maryland and the owner of defendant Woodstock.

13.      At all times relevant to the Complaint since July 22, 2017, Goraya made all relevant decisions regarding Plaintiffs' wages and working conditions.

14.      At all times relevant to the Complaint, Defendants were each and all employers as that term is defined by 29 U.S.C. §203(d) and by Md. Labor & Employment §§3-401(b) and §3-501(b).

## IV.    STATEMENT OF FACTS

<u>Erika Hernandez</u>

15.    Hernandez worked for Defendants as a cook from around February 10, 2017 until around January 4, 2018.

16.    Hernandez worked a variable schedule totaling between 43 and 58 hours per week for an average of approximately 50 hours per week.

17.    Paz worked for Defendants as a dishwasher and cook from May 2016 until around May 17, 2018.

18.    Paz regularly worked from 10:00am until around 10:00pm Wednesday through Sunday for a total of around 60 hours per week, except during the last two weeks of her employment, when she only worked three days per week for a total of around 36 hours per week.

19.    Defendants paid Plaintiffs $10.00 per hour for their work.

20.    Defendants never paid Plaintiffs at the rate of one and one-half times their regular hourly rate for hours worked in excess of forty hours in each one-week period.

21.    Woodstock purchased the Restaurant from Players on July 21, 2017 and took over its operation on July 22, 2017.

22.    Other than the ownership, no material changes were made after Woodstock took over the Restaurant from Players.

## V.    COUNT ONE: FLSA AND MWHL OVERTIME VIOLATIONS

23.    Plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 22, above.

24.    Defendants' failure to pay Plaintiffs wages at the rate of one and one-half times their regular hourly rate for hours worked in excess of forty in each one week period violates

both, 29 U.S.C. §207 and Md. Labor & Employment §3-415.

      25.     Defendants' failure to pay overtime wages as required by 29 U.S.C. §207 and Md. Labor & Employment §3-415 was willful and not in good faith inasmuch as Defendants were aware or reasonably should have been aware of their obligation to pay Plaintiffs consistent with the FLSA and MWHL but did not do so.

      26.     As a result of Defendants' unlawful conduct, Plaintiffs suffered a loss of wages.

## VI.   COUNT TWO: MWPCL WAGE PAYMENT VIOLATIONS

      27.     Plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 22, above.

      28.     Defendants' failure to pay Plaintiffs all wages due for the work Plaintiffs performed, including overtime wages, violates Md. Labor & Employment §3-501 *et seq*.

      29.     Defendants' failure to pay all wages due to Plaintiffs as required by Md. Labor & Employment §3-501 *et seq.* was not a result of a *bona fide* dispute.

      30.     As a result of Defendants' unlawful conduct, Plaintiffs suffered a loss of wages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

1.      Order Defendants to pay to Plaintiffs all wages owed, consistent with the Fair Labor Standards Act, Maryland Wage and Hour Law, and Maryland Wage Payment and Collection Law;

2.      Award Plaintiffs liquidated damages for all wages owed pursuant to 29 U.S.C. §216(b) and Md. Labor and Employment §3-427(a)(2);

3.      Award Plaintiffs punitive (treble) damages for all wages owed pursuant to Md. Labor and Employment §3-507.2(b);

4.      Award Plaintiffs their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216 and Md. Labor and Employment §§ 3-427(a)(3) and 3-507.2(b);

5.      Award Plaintiffs pre-judgment and post-judgment interest; and

6.      Award Plaintiffs such other legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

*/ s / Mariusz Kurzyna*

Mariusz Kurzyna (Bar No. 20284)
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240-839-9142
mkurzyna@zagfirm.com

*Counsel for Plaintiffs*