## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (this "**Agreement**") is entered into by and between ERIKA HERNANDEZ ("**Hernandez**") and DENIA PAZ ("**Paz**") (hereinafter, "**Plaintiffs**") and WOODSTOCK BAR & GRILL, LLC ("**Woodstock**") and GHAYAN ALI GORAYA ("**Goraya**") (hereinafter, "**Defendants**"). Collectively, Plaintiffs and Defendants are referred to herein as the "**Parties**."

**WHEREAS**, June 1, 2018, Plaintiffs filed a lawsuit against Defendants, as well as Players Bar & Grill, LLC ("Players") and Simon Sadoun (both of which are not parties to this Agreement), in the United States District Court for the District of Maryland (Case No. 8:18-cv-1582-CCB), alleging therein that Defendants failed to pay Plaintiffs wages alleged to be due under Federal and Maryland law (hereinafter, "**the Litigation**").

**WHEREAS**, Defendants deny Plaintiffs' allegations against Defendants in the Litigation and affirm that Defendants have engaged in no unlawful or tortious behavior and that Plaintiffs' allegations are without factual or legal merit.

**WHEREAS**, notwithstanding Defendants' defenses in the Litigation, on March 8, 2019, Woodstock and Goraya tendered the following payments to Plaintiffs: (1) Defendants tendered a check to Hernandez in the amount of $1,089.10, which reflected wages of $1,200 allegedly due to Hernandez for the period during which she was employed by Woodstock, less standard withholdings; (2) Defendants also issued a check payable to Hernandez in the amount of $2,400 on account of Ms. Hernandez's claims for liquidated and punitive damages; (3) Defendants tendered payment to Paz in the amount of $3,052.99, which reflected wages of $4,100 allegedly due to Paz for the period during which she was employed by Woodstock, less standard withholdings; and (4) Defendants also issued a check to Paz in the amount $8,200 on account of Paz's claims for liquidated and punitive damages. Plaintiffs' counsel has kept the tendered payments in escrow pending resolution of the Litigation.

**WHEREAS**, notwithstanding the foregoing payments, Plaintiffs maintain that they are entitled to an award of attorney's fees and costs from both Defendants and are entitled to additional unpaid wages from Woodstock based upon a theory of successor liability.

**WHEREAS**, Goraya filed a motion for summary judgment seeking his dismissal from the Litigation on the grounds that only Woodstock could arguably be liable for Plaintiffs' claims against Players as the successor to Players and that the already tendered payments extinguished all other claims against Goraya.

**WHEREAS**, the Parties desire to avoid additional costs associated with continuing the Litigation.

**NOW THEREFORE**, in furtherance of the Parties' amicable goals, and in consideration of the mutual covenants and promises herein, the sufficiency of which is hereby acknowledged, the parties have agreed upon the following terms:

1. **Recitals.** The foregoing Recitals are incorporated by reference and made a substantive part of this Agreement as if fully set forth herein.

2. **Joint Motion for Approval of Settlement Agreement.** Within one (1) day of the Effective Date, Plaintiffs shall cause a Joint Motion for Approval of Settlement Agreement to be filed, which shall request the dismissal of Defendants with prejudice.

3. **Consideration.** In consideration for this Agreement and Plaintiffs' agreement to release all claims against Defendants, Defendants shall pay to Plaintiffs and their counsel the total additional amount of Seventeen Thousand Dollars and No/100 ($17,000.00) (the "**Settlement Amount**").

4. **Payment Schedule.** Defendants shall pay the Settlement Amount in twenty-four monthly installments ("**Installment Payments**"). The first Installment Payment shall be in the amount of Seven Hundred Eight Dollars and Forty-One Cents ($708.41) and the other twenty-three (23) Installment Payments shall be in the amount of Seven Hundred Eight Dollars and Thirty-Three Cents ($708.33). The payments shall be delivered to Zipin, Amster & Greenberg, LLC ("**Plaintiffs' Counsel**"), c/o Mariusz Kurzyna, 8757 Georgia Avenue, Suite 400 Silver Spring, Maryland 20910, on or before the first day of each month following the Court's approval of this Agreement for twenty-four consecutive months.

5. **Consent Judgment.** The Parties agree that time is of the essence regarding the delivery of the Installment Payments. Should Defendants fail to make and deliver any Installment Payment on time and as scheduled in Paragraph 1, Plaintiffs' counsel shall notify Defendants' counsel by email to aturner@levingann.com. Defendants shall have seven (7) calendar days from the date of the notice to cure the breach. In the event Defendants fail to cure the breach within seven (7) calendar days of the date of the notice, Defendants shall be in default ("**Default**") under this Agreement.

6. **Default.** In the event of a Default, Defendants hereby knowingly consent without objection to Plaintiffs filing the Consent Judgment, attached hereto as **Exhibit A**, in favor of Plaintiffs and against Defendants, jointly and severally, in the amount of the outstanding balance due under this Agreement, plus interest at the agreed upon rate of ten percent (10%) per annum, accruing from the date of the Default. Defendants knowingly and explicitly consent to venue and jurisdiction for the filing of the Consent Judgment in the Circuit Court for Howard County, Maryland.

7. **No Other Entitlement.** Plaintiffs acknowledge that they are not entitled to any compensation, benefits, or other payments from Woodstock or Goraya except as set forth in this Agreement. Following these payments, Plaintiffs agree that they have been properly compensated by Woodstock and Goraya for all hours worked and is not due any additional compensation from Woodstock or Goraya.

8. **Specific Waiver and Release.** In consideration of the monies set forth above, Plaintiffs hereby waive, release and forever discharge Defendants, from any claim, demand, right,

- 2 -

action or cause of action, including any entitlement to attorneys' fees, costs or expenses, which they ever had, now have, or may have, whether known or unknown, in law or equity, arising from or related in any manner to their employment by Defendants or the termination of such employment, including, but not limited to, claims brought under the Fair Labor Standards Act, the Maryland Wage and Hour Law or the Maryland Wage Payment and Collection Act. For purposes of this paragraph and the next two paragraphs, "Defendants" shall also include all affiliates, parent companies, subsidiaries, successors, assigns, present and former officers, agents, directors, employees, shareholders and board members, and their representatives or agents; and "Plaintiffs" shall include Plaintiffs' agents, representatives, successors, heirs and assigns.

9. **General Waive and Release.** In exchange for the consideration described in Paragraph 3, Plaintiffs fully and completely waive, release, and forever discharge Defendants from any and all claims, charges, complaints, actions, causes of action, lawsuits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and/or any other liabilities of any kind, nature, description, or character whatsoever that Plaintiffs may have against Defendants arising out of Plaintiffs' employment with Defendants, the separation of their employment with Defendants, or any other fact, condition, circumstance, or occurrence whatsoever up to and including the Effective Date of this Agreement, whether known or unknown, suspected or concealed, and whether presently asserted or otherwise, including, but not limited to, all claims that Defendants:

-- violated public policy or common law (including, but not limited to, claims for breach of contract, intentional or tortious interference with contract or business relations, misrepresentation, fraud, conversion, promissory estoppel, detrimental reliance, wrongful termination, retaliatory discharge, assault, battery, false imprisonment, personal injury, defamation, libel, slander, invasion of privacy, negligence, negligent hiring, retention or supervision, negligent, reckless, or intentional infliction of emotional distress and/or mental anguish, conspiracy, or loss of consortium); or

-- violated personnel policies, procedures, or handbooks, any covenant of good faith and fair dealing, or any purported contract of employment, express or implied, between the Parties; or

-- engaged in false or fraudulent acts against the United States Government, retaliated against Plaintiff, or otherwise violated the False Claims Act, 31 U.S.C. § 3729 et seq.; or

-- failed to provide Plaintiffs with any benefits pursuant to the terms of any employee benefit plan maintained, administered, sponsored, funded and/or paid, in whole or in part, by Defendants, violated the terms of any such employee benefit plan, breached any fiduciary obligation with respect to such plan, or discriminated against Plaintiffs for the purpose of preventing Plaintiffs from obtaining benefits pursuant to the terms of any such plan, or in any way violated any provision of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq.; or

-- retaliated against or discriminated against Plaintiff on the basis of race, color, age, sex (including sexual harassment), pregnancy, national origin, citizenship, ancestry, religion, disability, handicap, sexual orientation, leave status, genetics, marital status, parental status, veteran status, source of income, union activity, whistle-blower activity, or any other basis in violation of any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions or otherwise violated any city, local, state, or federal laws, statutes, ordinances, executive orders, regulations, or constitutions, including Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., the Civil Rights Act of 1866, 42 U.S.C. § 1981, the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 et seq. ("ADEA"), the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq., the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq., the Equal Pay Act, 29 U.S.C. § 206(d), the National Labor Relations Act, as amended, 29 U.S.C. § 151 et seq., the Sarbanes-Oxley Act of 2002; or otherwise violated any federal, local or state law.

10.  **Covenant Not To Sue**.  With the exception of the Litigation, Plaintiffs represent that there has been no filing on their behalf with any government agency or court of any lawsuit, charge, or complaint against Defendants.  Plaintiffs agree not to sue Defendants in any forum for any claim covered by the waivers and releases herein, except that Plaintiffs may initiate an action to enforce this Agreement.

11.  **No Reemployment.**  Plaintiffs agree that they will not seek reemployment or employment by Defendants.

12.  **No Admission of Wrongdoing.**  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either Party of any liability or unlawful conduct of any kind toward the other Party.

13.  **Governing Law, Jurisdiction, and Venue**.  This Agreement and all matters arising out of or relating to this Agreement, whether sounding in contract, tort, or statute, for all purposes shall be governed by and construed in accordance with the laws of Maryland without regard to any conflicts of laws principles that would require the laws of any other jurisdiction to apply. Any action or proceeding by either of the Parties to enforce this Agreement shall be brought only in any state or federal court located in the state of Maryland.

14.  **Attorneys' Fees and Costs**.  If a dispute arises under this Agreement because of the alleged breach or Default by a Party of the terms hereof, the prevailing Party in any action arising under this Agreement shall be entitled to recover from the non-prevailing Party its reasonable costs and attorneys' fees in pursuing or defending such claim(s).

15.  **Entire Agreement**. Unless specifically provided herein, this Agreement contains all of the understandings and representations between Defendants and Plaintiffs relating to the subject matter hereof and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, regarding such subject matter.

16. **Modification and Waiver**. No provision of this Agreement may be amended or modified unless the amendment or modification is agreed to in writing and signed by Plaintiffs and by Defendants. No waiver by any Party of any breach by any other party of any condition or provision of this Agreement to be performed by any other party shall be deemed a waiver of any other provision or condition, nor shall the failure of or delay by any Party in exercising any right, power, or privilege under this Agreement operate as a waiver to preclude any other or further exercise of any right, power, or privilege.

17. **Severability**. If any provision of this Agreement is held by a court of competent jurisdiction to be enforceable only if modified, or if any portion of this Agreement is held as unenforceable and thus stricken, such holding shall not affect the validity of the remainder of this Agreement, the balance of which shall remain in full force and effect and continue to be binding upon the Parties, with any such modification to become a part hereof and treated as though originally set forth in this Agreement.

18. **Captions**. Captions and headings of the sections and paragraphs of this Agreement are intended solely for convenience and no provision of this Agreement is to be construed by reference to the caption or heading of any section or paragraph.

19. **Counterparts**. The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument. Delivery of an executed counterpart signature page of this Agreement, by facsimile, electronic mail in portable document format (.pdf), or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, has the same effect as delivery of an executed original of this Agreement.

**SIGNATURE PAGE FOLLOWS**

READ, UNDERSTOOD, SIGNED, AND AGREED TO BY:

**PLAINTIFFS:**

ERIKA HERNANDEZ

Signature: *ERika Hernandez*

Date of Execution: 25/7/2019

DENIA PAZ

Signature: *Denia Paz*

Date of Execution: 25/7/2019

**DEFENDANTS:**

WOODSTOCK BAR & GRILL, LLC

By: _____

Name: _____

Title: _____

Date of Execution: _____

GHAYAN ALI GORAYA

Signature: _____

Date of Execution: _____

- 6 -