# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Erika Hernandez, et al. | * | |
| | * | Civil Action No. 18-1582 |
| v. | * | |
| | * | |
| Woodstock Bar & Grill, LLC, et al. | * | |
| | * | |

## MEMORANDUM

Plaintiffs Erika Hernandez and Denia Paz (the "plaintiffs") move the court to approve and enforce the proposed settlement agreement between the plaintiffs and Woodstock Bar & Grill, LLC and Ghayan Ali Goraya (the "Woodstock defendants"). The motion has been fully briefed and no oral argument is necessary. For the reasons stated below, the court will deny the motion.

## FACTS

The plaintiffs filed this action against the defendants, including the Woodstock defendants, alleging violations of the Federal Fair Labor Standards Act, the Maryland Wage and Hour Law, and the Maryland Wage Payment and Collection Law. (ECF 1, Compl. ¶ 1). The plaintiffs and the Woodstock defendants reached an agreement regarding the essential terms of a settlement on June 3, 2019. (ECF 41-1). Afterwards, counsel for the plaintiffs, Mariusz Kurzyna, and counsel for the Woodstock defendants, Aaron Turner, communicated to draft a settlement agreement. (ECF 40-2). On July 25, 2019, Kurzyna sent the agreement, signed by the plaintiffs, to Turner. (ECF 40-4). On August 9, 2019, Turner wrote to Kurzyna apologizing for the delay and stated that "[m]y client indicated that he will send me the signed agreement today." (ECF 40-5). On September 4, 2019, however, Turner wrote to Kurzyna that his client's "financial circumstances have changed and, as a result, we need to revise the draft agreement slightly." (ECF 40-6). The revision involved changing the settlement agreement so that Goraya

1

was no longer jointly and severally liable with Woodstock Bar & Grill for the total settlement amount. (*Id.*). Such changes were not acceptable to the plaintiffs, and they filed a motion to enforce the settlement agreement.

## DISCUSSION

The Woodstock defendants argue that the proposed settlement agreement is unenforceable because it does not comply with the statute of frauds. The Maryland statute of frauds provides:

> Unless a contract or agreement upon which an action is brought, or some memorandum or note of it, is in writing and signed by the party to be charged or another person lawfully authorized by that party, an action may not be brought . . .
>
> (3) On any agreement that is not to be performed within 1 year from the making of the agreement.

Md. Code Ann., Cts. & Jud. Proc. § 5-901. Subsection 3 will bar a claim in two circumstances: first, when the parties expressly and specifically agree that the contract is not to be performed within one year; and second, when it is impossible by the terms of the contract for it to be performed within one year. *Griffith v. One Inv. Plaza Assocs.*, 62 Md. App. 1, 5 (1985) (citations omitted).[1] In *Learning Works, Inc. v. The Learning Annex, Inc.*, the Fourth Circuit found, applying Maryland law, that the statute of frauds barred the enforcement of an oral contract because "the parties had agreed that Learning Annex was to pay for the assets it purchased over a three-year period. Because the parties agreed that full performance of their contract was not to be rendered within one year, enforcement of the alleged oral agreement would be barred by the one-year provision of the Maryland statute of frauds." 830 F.2d 541, 544 (4th Cir. 1987). Similarly, in *Halpert v. Dental Care Alliance, LLC*, the court found the statute of frauds applicable when the third installment payment was not due until more than a year after

---

[1] *Griffith* involved an older version of Maryland's statute of frauds, Md. Ann. Code art. 39C, § 1 (1986), which is materially the same as § 5-901.

2

the alleged oral contract was entered into. No. CIV A RDB 05-2776, 2007 WL 1295805, at *13 (D. Md. May 1, 2007).[2]

Here, the proposed settlement agreement provided for the following payment schedule, that was to take place over the next two years:

> Payment Schedule. Defendants shall pay the Settlement Amount in twenty-four monthly installments ("Installment Payments"). The first Installment Payment shall be in the amount of Seven Hundred Eight Dollars and Forty-One Cents ($708.41) and the other twenty-three (23) Installment Payments shall be in the amount of Seven Hundred Eight Dollars and Thirty-Three Cents ($708.33). The payments shall be delivered to Zipin, Amster & Greenberg, LLC ("Plaintiffs' Counsel"), c/o Mariusz Kurzyna, 8757 Georgia Avenue, Suite 400 Silver Spring, Maryland 20910, on or before the first day of each month following the Court's approval of this Agreement for twenty-four consecutive months.

(ECF 40-3, Unexecuted Settlement Agreement and Mutual Release, § 4). Therefore, even assuming mutual agreement between the parties, the parties expressly and specifically agreed that the contract was not to be performed within one year. The plaintiffs argue that the agreement is capable of being performed within one year, as the Woodstock defendants might prepay the amounts due, so the statute of frauds does not apply.[3] The plaintiffs, however, do not address why the payment schedule is not an express and specific agreement that the contract was not be performed within one year. As in *Learning Works* and *Halpert*, the parties anticipated that payment of the amount owed would not be completed within a year. Therefore, as in *Learning Works* and *Halpert*, the proposed settlement agreement falls within the statute of frauds

---

[2] Unreported cases are cited for the soundness of their reasoning, not for any precedential value.

[3] *Pitman v. Aran*, 935 F. Supp. 637 (D. Md. 1996), cited by the plaintiffs, is distinguishable. In *Pitman*, the plaintiff sought to enforce a promissory note in which the defendant personally guaranteed fifty percent of a loan made by the plaintiff to their joint company. *Id.* at 648. Because the plaintiff could not produce the signed note, and because the defendant argued that any guarantee was conditioned on certain projects of the company being profitable, the defendant argued that it was not possible for the contract terms to be satisfied within one year and enforcement was thus barred by Maryland's statute of frauds. *Id.* The court found that "even assuming that the note was entered into with the specific condition that the construction project must yield profits, it is still not impossible for that term to be satisfied within one year." *Id.* While the note in *Pitman* was silent as to the length of time the contract would last, the proposed settlement agreement at issue here expressly states that the payment was to be made over the course of two years. Most importantly, the court in *Pitman* found that, regardless, the statute of frauds was satisfied because the defendant had admitted to signing the promissory note in his deposition. *Id.* Here, the plaintiffs do not contend that the Woodstock defendants signed the proposed settlement agreement.

3

and is unenforceable absent a writing signed by the party to be charged. As the plaintiffs do not argue that the proposed settlement agreement was signed by the Woodstock defendants, the proposed settlement agreement is unenforceable.[4]

## CONCLUSION

For reasons stated above, the court will deny the plaintiffs' motion to review the terms of the settlement agreement for fairness, enforce the settlement agreement, and award attorneys' fees. A separate order follows.

2/12/20
Date

/s/ CCB
Catherine C. Blake
United States District Judge

---

[4] As the court finds the proposed agreement unenforceable for failure to comply with the statute of frauds, it does not reach the Woodstock defendants' separate argument that the proposed settlement agreement is unenforceable because the parties contemplated execution of a written settlement agreement. Nor does the court at this time reach the issue of the fairness of the proposed settlement.